UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MEZA VELASQUEZ,<br><br>Plaintiff,<br><br>v.<br><br>2048 PARTNERS, LLC, et al.,<br><br>Defendants. | Case No. 18-cv-06184-JD<br><br>**ORDER RE FEES AND COSTS**<br><br>Re: Dkt. No. 77 |

Defendants seek attorney's fees and costs under the Copyright Act after the Court dismissed plaintiff's claim alleging a violation of the Visual Artists Rights Act, 17 U.S.C. § 106A ("VARA"). Dkt. No. 77. The parties' familiarity with the record is assumed. The request is denied.

VARA is a section of the Copyright Act, and so the Court "in its discretion may allow the recovery of full costs by or against any party." 17 U.S.C. § 505. "Full costs" include "a reasonable attorney's fee to the prevailing party." *Id*.

In exercising its discretion, the Court may consider a non-exclusive list of factors such as "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence . . . so long as such factors are faithful to the purposes of the Copyright Act." *Shame on You Prods., Inc. v. Banks*, 893 F.3d 661, 665-66 (9th Cir. 2018) (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)). The reasonableness of the losing party's "litigating position" is given substantial weight, but does not displace other relevant factors. *Id*. at 666. The "mere fact that [a party] lost cannot establish his objective unreasonability." *Seltzer v. Green Day, Inc.,* 725 F.3d 1170, 1181 (9th Cir. 2013); *see also Shame on You*, 893 F.3d at 666 ("a legal argument that loses is not necessarily unreasonable"). Rather, a

claim is objectively unreasonable when the party asserting it "should have known from the outset that its chances of success in this case were slim to none." *SOFA Entertainment, Inc. v. Dodger Prods., Inc.,* 709 F.3d 1273, 1280 (9th Cir. 2013).

While it is certainly true that the VARA claim was dismissed, the Court cannot say that the claim was so unreasonable from the get-go that defendants should recover their fees. The VARA claim required two rounds of motions to adjudicate. *See* Dkt. Nos. 57, 74. It turned on the element of removability, which has little development in the case law and entailed research by plaintiff into events going back several decades in time. Plaintiff ultimately could not plausibly allege the requisite facts with respect to removability, but that does not mean the VARA claim was an empty shell *ab initio*.

This is also not a situation where defendants achieved total victory. The Court declined to consider the California state law claims under 28 U.S.C. § 1367(c)(3) after dismissing the VARA count, which was the sole basis of federal jurisdiction. Dkt. No. 74. The Court expressly noted that plaintiff was free to pursue these claims in state court. *Id*. The state law claims comprised most of the amended complaint, and included a claim under the California Art Preservation Act, Cal. Civil Code § 987. Plaintiff may not have been able to keep his case in this Court, but defendants hardly walked away without any possibility of further litigation over the mural.

None of the other factors weigh in defendants' favor. There is no persuasive evidence that plaintiff brought the VARA claim, or the case generally, for an improper motive. To the contrary, plaintiff alleged -- without meaningful dispute by defendants -- that he was acting as the artist who painted a mural with significant community value. This was not an action by a copyright troll or pirate.

For similar reasons, considerations of copyright compensation or deterrence also would not be served by awarding fees. The Copyright Act serves to "encourage the production of original literary, artistic, and musical expression for the good of the public." *SOFA*, 709 F.3d at 1280 (quoting *Fogerty*, 510 U.S. at 524). Penalizing an artist such as plaintiff for attempting to vindicate his good-faith belief in his visual art rights would subvert, and not serve, that statutory purpose.

Consequently, the motion for fees and costs is denied.

**IT IS SO ORDERED.**

Dated: June 5, 2020

_____
JAMES DONATO
United States District Judge